**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| **DENNIS DWAYNE SCOTT,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE** |
| **VS.** | : | **NO.  7:04-CV-19 (HL)** |
| | : | |
| **ASHLEY PAULK, Landaus County Sheriff;** | : | |
| **MATTHEW BRADSHAW; and BILLY** | : | |
| **COPE ,State TroopeR;** | : | |
| | : | |
| **Defendants.** | : | |

_____

**RECOMMENDATION**

This is a § 1983 action brought by a State of Georgia prisoner who, according to the

Georgia Department of Corrections Prisoner Locator web cite, is currently housed at the Augusta

State Medical Prison.  Presently pending herein is the motion for summary judgment filed by

defendant Billy Cope, a member of the Georgia Highway Patrol.  This defendant maintains that

he has official capacity immunity as well as qualified immunity from plaintiff's claims.  Plaintiff

was given notice of the filing of this defendant's motion and advised of his opportunity to

respond in opposition which he did.

It is undisputed that during the plaintiff's arrest he was shot three times by defendant Cope

with a handgun. In view of the injuries sustained by plaintiff during his arrest the undersigned

appointed counsel to assist him.

**Summary Judgment Standard**

In determining a summary judgment motion, the inferences drawn from the underlying

facts must be viewed in the light most favorable to the nonmoving party.  Welch v. Celotex

Corp., 951 F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio

Corp., 475 U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine

issue of material fact, the nonmovant must "make a showing sufficient to establish the existence

of an element essential to the party's case, and on which that party will bear the burden of proof

at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the nonmoving party has the

burden of proof at trial, the moving party may carry its burden at summary judgment either by

presenting evidence negating an essential element of the nonmoving party's claim, or by

pointing to specific portions of the record which demonstrate that the nonmoving party cannot

meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir.

1991).

**Immunity**

    **a.  Official Capacity Immunity**

    The Eleventh Amendment to the Constitution of the United States provides that, "[t]he

Judicial power of the United States shall not be construed to extend to any suit in law or equity,

commenced or prosecuted against one of the United States by Citizens of another State, or by

Citizens or Subjects of any Foreign State."

> While the Amendment by its terms does not bar suits against a State
> by its own citizens, this Court has consistently held that an
> unconsenting State is immune from suits brought in federal court by
> her own citizens as well as by citizens of another State.

Edelman v. Jordan, 415 U.S. 651, 663-64 (1974). "Thus the rule has evolved that a suit by

private parties seeking to impose a liability which must be paid from public funds in a state

treasury is barred by the Eleventh Amendment." Id. at 664. The immunity provided to the states

by the Eleventh Amendment also attaches to and protects individuals who are sued in their

official capacities as well as state agencies and entities.  This is because a suit against a state employee in his official capacity or against a state agency is in essence a suit against the state as any monetary judgment obtained would be satisfied from state funds.  <u>Will v. Michigan Dept. Of State Police</u>, 491 U.S. 58 (1989).

There are however two ways in which this immunity can be over come.  The first is in the form of an explicit Congressional override of this immunity.  The second is for a State to explicitly and clearly waive their immunity.  Neither has happened here.  Courts have ruled that § 1983 is not a Congressional abrogation of Eleventh Amendment immunity.  <u>Gamble v. Florida Dept. Of Health & Rehab. Services</u>, 779 F.2d 1509, 1512 (1986).  "No waiver of sovereign immunity . . . shall be construed as a waiver of any immunity provided to the state or its departments, agencies, officers, or employees by the United States Constitution."  Ga. Const. Art 1, Section 2, para. 9(f).

Inasmuch as it is clear that this defendant, as a Georgia State Trooper, is an employee of the State of Georgia, to the extent that he is being sued in his official capacity he enjoys the immunity provided by the Eleventh Amendment to the United States Constitution.  It is therefore the **RECOMMENDATION** of the undersigned if defendant Cope is being sued in his official capacity**,** his motion for summary judgment be **GRANTED** as to those claims. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

### b.  Qualified Immunity

In a very well written and argued brief defendant Cope maintains that he is also protected

from trial in this matter by the doctrine of qualified immunity,

> which shields government employees from liability while working
> in their official capacities unless their conduct 'violate[s] clearly
> established statutory or constitutional rights of which a reasonable
> person would have known.'  Lassiter v. Alabama A & M Univ., 28
> F.3d 1146, 1149 (11th Cir. 1994) (en banc) (quoting Harlow v.
> Fitzgerald, 457 U.S. 800, 818 (1982)).

Defendant's Brief p. 5.  "Defendants are immune from liability unless it can be shown that "no

reasonably competent officer' would have taken the actions the defendants took; 'if officers of

reasonable competence could disagree on this issue, immunity should be recognized.'" Malley v.

Briggs, 475 U.S. 335, 341 (1986).  Defendant's Brief p. 6.

In 1985, the United States Supreme Court clearly established the law with regard to the

use of deadly force to prevent the escape of a fleeing felon where the officer has probable cause

to believe that the suspect poses a threat of serious physical injury, either to the officer or to

others.  The court stated:

> Where the officer has probable cause to believe that the suspect
> poses a threat of serious physical harm, either to the officer or to
> others, it is not constitutionally unreasonable to prevent escape by
> using deadly force.  Thus, if the suspect threatens the officer with a
> weapon or there is probable cause to believe that he has committed a
> crime involving the infliction or threatened infliction of serious
> physical harm, deadly force may be used, if necessary to prevent
> escape, and if where feasible, some warning has been given.

Tennessee v. Garner, 471 U.S. 1, 11-12 (1985).

Thus it would appear, that if there is no conflict in the evidence, and that defendant Cope

was reasonable in his belief that the plaintiff's conduct came within the above quoted Garner

standard, then his actions in shooting the plaintiff did not violate clearly established law and he

will be protected by the doctrine of qualified immunity.  A review of the evidence of record is

4

therefore appropriate.  The following recitation of the events giving rise to this lawsuit is taken

from the affidavits of defendant Cope (doc. 36, # 3) and the plaintiff (doc. 40, # 4)

 Prior to his shooting of the plaintiff, the defendant knew the following:

 (1)  He was participating in a pursuit of an armed robbery suspect driving a white four

door car.  The armed robbery suspect told the victim that he had a gun under his shirt. (Cope Aff.

¶ ¶ 13).

 (2) During the pursuit plaintiff reached a speed of 110 miles per hour and traveled

southbound in the northbound lanes of Interstate 75 which caused one accident and several near

accidents.  (Cope Aff. ¶ 13)

 (3) He saw plaintiff exit his automobile and run into a wooded area wearing only a pair of

shorts and being pursued by a Lowndes County Deputy Sheriff.

 (4) Defendant exited his patrol leaving the driver's side door open and joined the pursuit

on foot.  Defendant encountered the plaintiff and deputy sheriff who had his weapon drawn.

Defendant drew his weapon also.  The deputy sheriff ordered plaintiff to come out of the wooded

area with his hands up.  Plaintiff did not comply.  (Cope Aff. ¶¶ 7 -8).

 (5) Plaintiff would not keep his hands up but kept placing them into his pockets.  At that

time both the defendant and the deputy sheriff sprayed plaintiff with pepper spray in an attempt

to subdue him without the use of more force.  The pepper spray did not seem to affect the

plaintiff and he continued to ignore the deputy's orders to stop.  Plaintiff suddenly started

running toward the defendant's patrol car.  (Cope Aff. ¶¶ 9 - 10).

 It is to be noted that the plaintiff does not appear to take exception to the above recited

chronology of events.  However, from this point on the plaintiff's and the defendant's version of

what happened differ significantly.

According to the defendant, the plaintiff was attempting to remove a loaded shotgun from its rack inside the patrol car when the defendant shot the plaintiff three times being fearful for his own safety and that of others.  At the time of the shooting the plaintiff was not being restrained or rendered immobile by anyone. (Cope Aff. ¶¶ 10 - 12).  Plaintiff, on the other hand testifies that he was not reaching for a weapon when he was shot and that he never touched the shotgun. Plaintiff further states that it was the deputy sheriff who tackled him into the front seat of the car (plaintiff's Aff. ¶¶ 12 - 14).  Plaintiff also testifies that at the time he was shot the deputy sheriff had his left arm around his neck and was pulling his hair with his right hand to the extent that plaintiff was "subdued and immobilized." (plaintiff's Aff.  ¶ 15).  Finally,  plaintiff testifies that he was being held down at the time of the shooting, that he was shot from point blank range and that he was not a threat to anyone and had made no threats to anyone.  (Plaintiff's Aff. ¶¶ 16 - 17).

Should a jury find the defendant Cope's version of the facts credible he will be entitled to qualified immunity as his conduct could not be found to be in violation of the clearly established Garner law.  However, in viewing the evidence in the light most favorable to the plaintiff, and drawing all inferences in his favor as the court is required to do when considering a summary judgment motion, the undersigned is required to conclude that genuine material factual issues exist which preclude the entry of summary judgment in favor of the defendant on the individual capacity claims.  The conflicts in the affidavits of the parties create genuine factual issues as to whether, at the time he was shot, plaintiff had already been subdued by the deputy sheriff, or was he resisting the deputy sheriff in an effort to escape, and finally was he even in the custody or

6

control of the deputy sheriff at all.  It is therefore the **RECOMMENDATION** of the undersigned that the motion for summary judgment filed by defendant Cope be **DENIED** as to the individual capacity claims.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

  **SO RECOMMENDED,** this 9th day of August 2006.

        */s/ Richard L. Hodge*_____
        RICHARD L. HODGE
        UNITED STATES MAGISTRATE JUDGE