# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **DENNIS DWAYNE SCOTT,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 7:04-cv-19(HL) |
| **ASHLEY PAULK, MATTHEW BRADSHAW, and BILLY COPE,** | : | |
| Defendants. | : | |

# **ORDER**

This matter came before the Court for a pretrial conference on March 7, 2007, at which time the Court heard argument on Plaintiff's Motion in Limine (Doc. 53). After hearing from the parties, the Court hereby directs as follows.

1. Plaintiff moves in limine for an order prohibiting Defendants from mentioning or presenting evidence of his ultimate conviction for armed robbery and related offenses arising from the events giving rise to this lawsuit. Defendants shall not mention Plaintiff's convictions for armed robbery and related offenses arising from the events giving rise to this claim during opening statements. Defendants may use the convictions for impeachment purposes at the appropriate time and in the manner provided for by the Federal Rules of Evidence. It is the Court's opinion that after the convictions are introduced into evidence for impeachment purposes, the subject of the convictions is open and available to Defendants to use as may otherwise be appropriate to the trial of the case. As to this issue, therefore, Plaintiff's Motion

is sustained, in part, and overruled, in part.

2. Plaintiff moves in limine for an order prohibiting Defendants from mentioning or presenting evidence of his prior criminal convictions other than those stemming from the events giving rise to this lawsuit. Defendants have stated to the Court that they do not intend to introduce Plaintiff's other convictions unless such evidence is demanded by Plaintiff's testimony. As to this issue, therefore, Plaintiff's Motion is moot.

3. Plaintiff moves in limine for an order prohibiting Defendants from mentioning or presenting evidence of his drug usage. The parties agree that Plaintiff's drug usage, actions, and condition at the time of the events are relevant. Defendants have stated to the Court that they intend to introduce evidence of drug usage only as it is relevant to show Plaintiff's state of mind at the time of the events and that they have no intention of discussing Plaintiff's history of drug usage. As to this issue, therefore, Plaintiff's Motion is moot.

4. Plaintiff moves in limine for an order prohibiting Defendants from mentioning or presenting evidence of money found in the car Plaintiff was driving when the events occurred. Plaintiff argues that the money found in the car is not relevant to the issue of use of force; Defendants contend that it is. The Court will wait until evidence has been presented at trial to determine the admissibility of evidence pertaining to the money found in the car. This issue thus remains pending.

5. Plaintiff moves in limine for an order prohibiting Defendants from mentioning or presenting evidence as to his lawsuit concerning the deliberate indifference of prison nurse Shirley Lewis. The Court agrees with Plaintiff that his lawsuit against Lewis is not relevant to the issues in this case. As to this issue, therefore, Plaintiff's Motion is sustained.

**SO ORDERED**, this the 8th day of March, 2007.

            *s/ Hugh Lawson*
            **HUGH LAWSON, JUDGE**

mls